Ruffin, C. J.
 

 The Court is of opinion, that the undis-posed of surplus is liable in the first instance for the debts and expenses It is the general rule, that, without any-particular charge on it, and independent of any intention, of a testator, the law throws the burden on property, as to which there is an istestacy, unless there be an exception of it, or a charge of the debts, &c„, be fixed, by plain words or implication, on other property exclusively.—
 
 White
 
 v.
 
 Green,
 
 2 Dev. Eq. 45. There is no direct exemption,of this surplus ; and the only question is, whether there is such a charge on the residue given in the will, as fixes that with the burden exclusively and-exonerates.the
 
 *46
 
 surplus. A mere charge of debts on a particular part-of the estate will not exonerate a fund, on which there is a prior liability ; for the charge may as well be taken, as making that fund auxiliary, as intending to place it in front. There must be something to change the order, in which, the law says, the different parts are applicable, when the testator does not direct otherwise.
 
 Wortham
 
 v.
 
 Robards, 2
 
 Dev. Eq. 173. A direction to sell the resi due, and then, that the money thence arising should be disposed of as follows, viz : All my just debts be paid ; and then to A. and B. $50 eaeh, and all the balance lo C. was held in
 
 Fraser
 
 v.
 
 Alexander, 2
 
 Dev. Eq. 348, to be a precise division and appropriation of that fund to those purposes, and that, as C. was only to have the balance of the “money thence arising,” he eoulct only get what remained of that fund, after the other purposes had been answered out of it. But there is no such precise direction in this case, nor any thing more than simply a recognition of the charge of the debts, imposed by law on the residue of her estate, which she knows and says must be paid before the donees of the residue can have it.— There is no declaration, that the debts are to be paid, at all events, out of the residue thus given, but a charge merely, which expresses no more than the law would, had the will contained not a word on the subject. Upon such a case, besides the authorities already cited,
 
 Dickson
 
 v. Cotton, 2 Dev. & Bat. Eq.
 
 292,
 
 is directly in point, that the other parts of the estate, thus charged, are not liable, but upon a deficiency of an undisposed surplus. A declaration must be made accordingly; and the executor will pay the costs of this suit also out of this fund, which will be allowed in his accounts.
 

 Per Curiam. Declared accordingly.